SUIT NO. 2022- 0l62

| | |
|---|---|
| **LUCAS THRASHER AND KEELY THRASHER** | **33RD JUDICIAL DISTRICT COURT** |
| **VERSUS** | **PARISH OF ALLEN** |
| **ROBERT SALAZAR-PAULINO, FEDEX GROUND PACKAGE SYSTEM, INC. AND PROGRESSIVE PALOVERDE INSURANCE COMPANY** | **STATE OF LOUISIANA** |
| **FILED:**_____ | _____ |
| | **DEPUTY CLERK** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

NOW INTO COURT, through the undersigned counsel, comes **LUCAS THRASHER AND KEELY THRASHER,** residents of Allen Parish, Louisiana, who for their petition for damages, avers to wit:

1.

Made defendants herein, are:

(a) **ROBERT SALAZAR-PAULINO** who was the registered driver of a 2021 Dodge Promaster who is upon information and belief a person of the full age of majority domiciled in Passaic County, at 196 Butler Street, Apt. 1, Paterson NJ, 07524;

(b) **FEDEX GROUND PACKAGE SYSTEM, INC.** upon information and belief, a for-profit corporation licensed to do and doing business in the State of Tennessee and sued herein as defendant under its liability self-insured policy (IL000056) and upon belief is the employer of **ROBERT SALAZAR-PAULINO**, defendants herein; and

(c) **PROGRESSIVE PALOVERDE INSURANCE COMPANY**, on information and belief, authorized to do and doing business in the State of Louisiana, sued herein as defendant under its underinsured motorist policy (942623346) in favor of **LUCAS THRASHER and KEELY THRASHER**, plaintiffs herein.

2.

Defendants are liable jointly and insolido unto plaintiffs for the damages resulting from an automobile accident which occurred on August 9, 2021, in St. James Parish, Louisiana.

3.

On or about August 9, 2021, at approximately 6:01 p.m., Plaintiff **KEELY THRASHER** was the driver of a 2014 Kia Optima. **ROBERT SALAZAR-PAULINO** was the driver of a 2021

Dodge Promaster Van. Suddenly, unexpectedly and without warning, **ROBERT SALAZAR-PAULINO** failed to control his vehicle and slammed into the rear of the vehicle occupied by plaintiffs. As such defendants are liable for the damages set forth in the Petition.

4.

Plaintiffs aver that the above-described incident and resulting injuries and damages suffered by them were solely and proximately caused by the negligence of the defendant, **ROBERT SALAZAR-PUALINO**, in the following particulars:

(a) Failing to take precautions which would have avoided this collision;

(b) Failing to have proper control over his vehicle which would have avoided this collision;

(c) Inattentiveness and failure to see what defendant should have seen;

(d) Failing to brake in time to avoid the collision;

(e) Failing to keep a proper lookout and failing to take evasive maneuvers which would have avoided this collision;

(f) Violation of the laws and ordinances controlling the roadway in question;

(g) Driving his vehicle in the path of slow flowing traffic on the favored roadway causing a collision; and

(h) Recklessly disregarding the safety of plaintiffs on a Louisiana roadway by driving his vehicle into the rear of another vehicle.

5.

On the date and time of the crash made subject matter to this litigation, **ROBERT SALAZAR-PUALINO** was an employee of **FEDEX GROUND PACKAGE SYSTEM, INC.** and was in the course and scope of his employment with this defendant.

6.

**LUCAS THRASHER and KEELY THRASHER'S** injuries were caused by the negligence of **ROBERT SALAZAR-PUALINO** when, inter alia, **ROBERT SALAZAR-PUALINO** violated the laws and ordinances of Louisiana, Parish of St. James and the rules of the road.

7.

**FEDEX GROUND PACKAGE SYSTEM, INC.** a foreign corporation, is a "fictious person", but is treated as if it was a real person in eyes of the laws of Louisiana and the United States of America.

8.

**FEDEX GROUND PACKAGE SYSTEM, INC.** being a fictious and not a real person, delegated the duties set forth above to real people within its employ, real people that include but are not limited to its executive officers, safety directors, supervisors and policy makers and for whom **FEDEX GROUND PACKAGE SYSTEM, INC.** is vicariously liable. (These employees of **FEDEX GROUND PACKAGE SYSTEM, INC.** are sometimes referred to **"FEDEX GROUND PACKAGE SYSTEM, INC.'S OTHER EMPLOYEES"**) **"FEDEX GROUND PACKAGE SYSTEM, INC.'S OTHER EMPLOYEES"** to whom were delegated the duties set forth above were real people other than **ROBERT SALAZAR-PUALINO**.

9.

**"FEDEX GROUND PACKAGE SYSTEM, INC.'S OTHER EMPLOYEES"** breached these duties when they failed to discharge the obligations with the degree of care required by ordinary prudence under the same or similar circumstances, all of which constituted malfeasance, misfeasance and/or nonfeasance, including but not limited to the failure to act upon actual knowledge of the risk to the motoring public; the lack of ordinary care in discovering and avoiding such risks of harm presented to the motoring public which has resulted from the breach of the duties.

10.

**"FEDEX GROUND PACKAGE SYSTEM, INC.'S OTHER EMPLOYEES"** to whom were delegated **FEDEX GROUND PACKAGE SYSTEM, INC.'S** responsibilities set forth above, breached these duties when they failed to discharge the obligations with the degree of care required by ordinary prudence under the same or similar circumstances, all of which constituted malfeasance, misfeasance and/or nonfeasance, including, inter alia:

(a) failure to conduct proper background checks on **ROBERT SALAZAR-PUALINO**;

(b) failure to hire a suitable driver of **FEDEX GROUND PACKAGE SYSTEM, INC.** vehicles;

(c) failure to train and/or supervise and/or monitor its drive, **ROBERT SALAZAR-PUALINO**;

(d) failure to reinforce principles of defensive driving upon **ROBERT SALAZAR-PUALINO**;

(e) failure to direct **ROBERT SALAZAR-PUALINO** to operate **FEDEX GROUND PACKAGE SYSTEM, INC.'S** truck on the safest and least dangerous route;

(f) failure to do what a reasonable employer would have done under the circumstances;

(g) negligently entrusting **ROBERT SALAZAR-PUALINO** with a truck;

(h) negligently hiring **ROBERT SALAZAR-PUALINO**;

(i) negligently retaining **ROBERT SALAZAR-PUALINO**; and

(j) other acts of malfeasance, misfeasance and/or nonfeasance which in due course may be discovered through discovery.

11.

The identities of **"FEDEX GROUND PACKAGE SYSTEM, INC.'S OTHER EMPLOYEES"** are not known to plaintiffs, **LUCAS THRASHER and KEELY THRASHER** but will be ascertained through appropriate discovery methods.

12.

**FEDEX GROUND PACKAGE SYSTEM, INC.** is vicariously liable for the actions of **ROBERT SALAZAR-PUALINO** as contemplated by the provision of Louisiana Civil Code at Article 2320 which provides in pertinent part:

> Masters and servants are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
>
> Teachers and artisans are answerable for the damage caused by their scholars or apprentices while under their superintendence.
>
> In the above cases, responsibility only attaches when the masters or employers, teachers or artisans, might have prevented the act which caused the damage, and have not done it.
>
> The master is answerable for the offenses and quasi-offenses committed by his servants, according to the rules which are explained under the title: of quasi-contracts, and of offenses and quasi-offenses.

13.

The "Other Employees" described in paragraphs above, were acting in the course and scope of their employment with **FEDEX GROUND PACKAGE SYSTEM, INC.** and thus **FEDEX**

**GROUND PACKAGE SYSTEM, INC.** is vicariously liable for the negligence, fault and damages caused by these "Other Employees".

14.

The "Other Employees" described in the paragraphs above are also personally liable for their acts of negligence, even though those acts of negligence occurred during the course and scope of their employment with **FEDEX GROUND PACKAGE SYSTEM, INC.** because;

1. the duties owed by **FEDEX GROUND PACKAGE SYSTEM, INC.** to the motoring public and the breaches set forth in the paragraphs above have caused damages to **LUCAS THRASHER and KEELY THRASHER** for which recovery is herein sought;

2. the duties owed by **FEDEX GROUND PACKAGE SYSTEM, INC.** to the motoring public set forth in the paragraphs above was delegated by **FEDEX GROUND PACKAGE SYSTEM, INC.** to its "Other Employees".

3. The "Other Employees" breached these duties through personal (as contrasted with technical or vicarious) fault when the "Other Employees";

   a. failed to discharge their obligations with the degree of care required by ordinary prudence under the same or similar circumstances;

   b. failed to act upon their actual knowledge of the risk to others posted by inter alia, **ROBERT SALAZAR-PUALINO**; and

   c. there was a lack of ordinary care by the "Other Employees" in discovering and avoiding the risk of harm which has resulted from the breach of the duties owed by **FEDEX GROUND PACKAGE SYSTEM, INC.**

4. with regard to the "Other Employees" personal (as contrasted with technical or vicarious) fault, said "Other Employees" are personally at fault and liable for the negligent performance of their responsibilities because they personally knew or personally should have known of their non-performance, the risk of harm that said nonperformance would cause and nevertheless failed to cure the risk of harm.

15.

**FEDEX GROUND PACKAGE SYSTEM, INC.** "might have prevented the act which caused the damage and have not done it" as contemplated by La. C.C. Art. 2320.

16.

La. Civ. Code Art.'s 2323, 2324 and 1810 establish the basic structure for Louisiana "pure" system of comparative fault. The Louisiana Supreme Court has held that once the defense of Comparative Fault is raised by a defendant, that Art. 2323 makes it mandatory that the fault of a person's contributing to an injury be quantified, whether those persons are unidentified non-parties, employers or others.

17.

Thus, even if **FEDEX GROUND PACKAGE SYSTEM, INC.'S** is vicariously liable for the acts of each of its employees whose fault was a cause of **LUCAS THRASHER and KEELY THRASHER'S** injuries, once defendants allege that **LUCAS THRASHER and KEELY THRASHER** were comparatively negligent in causing their own injuries, the fault of all of **FEDEX GROUND PACKAGE SYSTEM, INC.'S** employees must be quantified, not the employees on the scene of the crash that injured **LUCAS THRASHER and KEELY THRASHER.**

18.

**LUCAS THRASHER and KEELY THRASHER** asserts the legal principle of *res ipsa loquitur.*

19.

The personal fault of **ROBERT SALAZAR-PUALINO** and the personal fault of the "Other Employees" are joint and divisible.

20.

Plaintiff, **LUCAS THRASHER**, has suffered damages caused by the negligence of defendants, which damages can be seen through the following particulars:

(a) Bodily injuries to his musculature system, nerves, bones and cartilage in his, shoulders, neck and back;

(b) Bodily injuries to his cervical, thoracic and lumbar region which refers pain to him upper and lower extremities;

(c) Mental anguish, pain and suffering, and humiliation, past and future;

(d) Medical expenses, both past and future;

(e) Hedonic damages, both past and future;

 (f)  Loss of earnings and earning capacity, past and future;

 (g)  Past and future physical pain and suffering; and

 (h)  Interest on all damages and cost.

21.

Plaintiff, **KEELY THRASHER**, has suffered damages caused by the negligence of defendants, which damages can be seen through the following particulars:

 (a)  Bodily injuries to her musculature system, nerves, bones and cartilage in her, shoulders, neck and back;

 (b)  Bodily injuries to her cervical, thoracic and lumbar region which refers pain to her upper and lower extremities;

 (c)  Mental anguish, pain and suffering, and humiliation, past and future;

 (d)  Medical expenses, both past and future;

 (e)  Hedonic damages;

 (f)  Loss of earnings and earning capacity, past and future;

 (g)  Past and future physical pain and suffering; and

 (h)  Interest on all damages and cost.

22.

At all times pertinent hereto, defendant, **FEDEX GROUND PACKAGE SYSTEM, INC.** provided a self-insured policy (IL000056) of liability insurance coverage in favor of **ROBERT SALAZAR-PAULINO** for which **FEDEX GROUND PACKAGE SYSTEM, INC.** and its' self-insured coverage (IL000056) is liable under said policy to petitioners under the above described accident.

23.

At all times pertinent hereto, defendant, **PROGRESSIVE PALOVERDE INSURANCE COMPANY** provided a policy (942623346) of underinsured motorist coverage in favor of **LUCAS THRASHER** for which defendant **PROGRESSIVE PALOVERDE INSURANCE COMPANY** is liable under said policy to petitioners under the above described accident.

24.

The Louisiana Code of Civil Procedure Article 1432 et seq, states that plaintiff is entitled to and hereby requests that defendants **FEDEX GROUND PACKAGE SYSTEM, INC.** and its'

self-insured coverage (IL000056) produce for inspection, original or certified copies of any and all applications of coverage and policies of insurance which provided coverage for the damages complained of herein unto which was issued to **ROBERT SALAZAR-PAULINO**. Which policies and/or applications provided coverage for the August 9, 2021, accident sued upon herein. Said applications and policies should be ordered to be produced within thirty (30) days of the service of this order at the law offices of Jones & Hill, P.O. Box 1260, Oberlin, Louisiana.

25.

The Louisiana Code of Civil Procedure Article 1432 et seq, states that plaintiff is entitled to and hereby requests that defendants **PROGRESSIVE PALOVERDE INSURANCE COMPANY** produce for inspection, original or certified copies of any and all applications of coverage and policies of insurance which provided coverage for the damages complained of herein unto which was issued to **LUCAS THRASHER and KEELY THRASHER**. Which policies and/or applications provided coverage for the August 9, 2021, accident sued upon herein. Said applications and policies should be ordered to be produced within thirty (30) days of the service of this order at the law offices of Jones & Hill, P.O. Box 1260, Oberlin, Louisiana.

**WHEREFORE**, Plaintiff, **LUCAS THRASHER and KEELY THRASHER** prays:

I. That Defendants, **FEDEX GROUND PACKAGE SYSTEM, INC.** and its' self-insured policy (IL000056), **PROGRESSIVE PALOVERDE INSURANCE COMPANY and ROBERT SALAZAR-PAULINO** be served with a copy of this Petition for Damages and duly cited to answer same;

II. That after all legal delays and due proceedings are had, there be judgment rendered herein in favor of your Plaintiff and against Defendants, in solido, in an amount which is reasonable in the premises, together with legal interest from the date of judicial demand, until paid, and for all costs of these proceedings;

III. That there be judgment herein in favor of Plaintiff and against Defendant, finding that defendant was fully at fault in the instant incident;

IV. That there be judgment herein in favor of your Plaintiff and against Defendant, finding that Plaintiff was in no way at fault and in no way contributed to this accident;

V. That defendant, **FEDEX GROUND PACKAGE SYSTEM, INC.** and its' self-insured policy (IL000056), **and PROGRESSIVE PALOVERDE INSURANCE COMPANY** produce for inspection, original or certified copies of any and all applications for coverage and policies of insurance, respectively, providing coverage for the damages of Plaintiff herein, which policies were in full force and effect on August 9, 2021, within thirty days to Craig Ray Hill, P.O. Box 1260, Oberlin, Louisiana 70655;

VI. For any and all general and equitable relief to which plaintiff may be entitled.

Respectfully Submitted:

**JONES & HILL, LLC**

By: _____
CRAIG RAY HILL (#23780)
J. CRAIG JONES (#17648)
P. O. BOX 1260
OBERLIN, LOUISIANA 70655
P: 337-639-2127
F: 337-639-2134
ATTORNEYS FOR PLAINTIFFS

**PLEASE SERVE THE FOLLOWING DEFENDANTS:**

**ROBERT SALAZAR-PAULINO**
VIA LONG ARM SERVICE

**FEDEX GROUND PACKAGE SYSTEM, INC**
VIA LONG ARM SERVICE

**PROGRESSIVE PALOVERDE INSURANCE COMPANY**
through its agent for service of process,
Hon. R. Kyle Ardoin
8585 Archives Ave.
Baton Rouge, Louisiana 70809